IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIRLEY O. FOUGHT,

        Plaintiff,

v.                                              CIV No. 01-124 PK/LFG (ACE)

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's ("Fought") Motion and Memorandum for Leave to Conduct Discovery on the Issue of Defendant's Conflict of Interest, filed November 16, 2001 [Doc. 27]. Because this is an ERISA case and discovery in ERISA cases generally is significantly limited, Fought's Motion will be denied.

## Background

Fought's action for benefits is brought under the Employee Retirement Income Security Act ("ERISA"). Fought sued Defendant UNUM Life Insurance Company of America ("UNUM") for benefits that she contends were wrongfully denied under a group disability policy issued to her employer by UNUM. Fought argues, in part, that she should be entitled to limited discovery, because UNUM, as plan administrator, was operating under a conflict of interest when it denied benefits to her. She seeks discovery on the alleged "existence of the conflict, the extent of the conflict, the

1

actions taken by the plan administrators in denying her claim, and whether those actions were motivated by UNUM's employment culture which offers its employees incentives for making the company profitable." [Doc. 27 at p. 5.] She requests discovery in the form of requests for admission, interrogatories and depositions. [Doc. 27 at p. 5 and Ex. C.]

## **Legal Analysis**

The discovery to which a party is entitled in an ERISA action of this nature depends on the standard of review to be applied by the Court in reviewing the denial of benefits. In Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (1989), the Supreme Court addressed the appropriate standard of review regarding benefit determinations made by plan administrators under ERISA. "[A] denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case the administrator's denial will be upheld unless the decision is found to be "arbitrary and capricious." Firestone Tire, 489 U.S. at 115, 109 S.Ct. at 956-57. This rule derives from trust principles, which "make a deferential standard of review appropriate when a trustee exercises discretionary powers." Id. at 111, 109 S.Ct. at 954.

Tenth Circuit decisions are in accord with the principle that if a plan grants an administrator discretion in determining eligibility for benefits, the court will review a challenge to the denial of benefits under an "arbitrary and capricious" standard. Pitman v. Blue Cross and Blue Shield of Oklahoma, 217 F.3d 1291, 1295 (10th Cir. 2000). However, it is not always entirely clear what evidence can be reviewed in ERISA cases under the two different standards. "[D]e novo" ordinarily means that the court's review is not limited by the record, nor is any deference given the conclusion

2

under review; rather, the court is to pursue the inquiry necessary to exercise its independent judgment" Reynolds v. UNUM Life Insurance Company of America, 1998 WL 654475 at *3, No. Civ. A. 97-D-2325 (D. Colo. June 15, 1998). A "de novo" review could include an analysis of facts *not* available to the plan administrator when the decision to deny benefits was made. Id. In contrast, under the "arbitrary and capricious" standard of review, the reviewing court "generally may consider only the arguments and evidence before the administrator at the time it made that decision." Chambers v. Family Health Plan Corporation, 100 F.3d 818, 823 (10th Cir. 1996) (internal citation omitted). In other words, under an arbitrary and capricious standard, the reviewing court may consider only the evidence and facts considered by the administrators themselves when they made the benefits determination. Id. Thus, the reviewing court considers only the plan and claims file. Other evidence or testimony is not submitted. ERISA cases are decided on the administrative record and the arguments and authorities submitted by counsel. Id. at 823-24.

In cases applying the arbitrary and capricious standard, less deference will be given to the administrator's decision when that administrator operated under a "conflict of interest." Chambers, 100 F.3d at 825. In a conflict of interest scenario, the administrator's decision "will be entitled to some deference, but his deference will be lessened to the degree necessary to neutralize any untoward influence resulting from the conflict." Id. at 826 (*citing* Pitman, 24 F.3d at 123.) Courts have characterized this approach as a "sliding scale of judicial review." Id. The conflict of interest will be a factor to consider when analyzing whether the administrator's decision was reasonable or arbitrary, but it does not necessarily entitle a party to discovery regarding the conflict of interest or to present evidence not considered by the administrator. See id. at 824, 827 (rejecting the plaintiff's argument that "exceptional circumstances" would allow the court to review evidence not before the

administrator based on the holding that arbitrary and capricious review applied). *Compare* Reynolds, 1998 WL 654475 at *3, 4 (*de novo* standard of review applied and therefore, some discovery concerning the administrator's decision was permitted.)

The exact question before this Court is whether limited discovery can be conducted when a conflict of interest has been identified or admitted. Several district courts have examined this same question and have declined to allow discovery (when applying an arbitrary and capricious standard of review). In Newman v. Standard Ins. Co., 997 F. Supp. 1276, 1280 (C.D. Cal. 1998), the trial court recognized that the plaintiff did not seek discovery on the merits of the claim, but wanted discovery as to the issue of whether the conflict tainted the administrator's decision. The plaintiff, in Newman, argued that the only way to obtain "material, probative evidence beyond the mere fact of the apparent conflict" was through discovery. Id.

The court reasoned that while the plaintiff's position was logical, to some extent, it raised "immense practical problems." For one thing, it would frustrate the primary goal of ERISA "to provide a method for workers and beneficiaries to resolve dispute/s over benefits inexpensively and expeditiously." Id. at 1281.

> If this position [permitting discovery] were the law, then every ERISA case involving an administrator who is also the Plan funding source would involve far-reaching, open-ended, nearly limitless discovery. Plaintiffs would depose claims reviewers, consulting physicians, and corporate officers of plan administrators. They could inspect claims manuals and other documents describing the claims review process, and personnel files, employee evaluations, and other documents tending to show that employees of the administrator were pressured or rewarded for denying claims. Then, following this discovery, the issue of the decision maker's motivation would be extensively litigated, perhaps involving days or weeks of testimony. The expense of ERISA litigation could easily be more than the benefits at issue.

Id. In Palmer v. University Medical Group,[1] 973 F. Supp. 1179, 1188 (D. Or. 1997), the magistrate judge provided similar reasoning in denying the plaintiff's motion to compel discovery.

> Permitting such extensive discovery would exponentially increase both the complexity and the cost of ERISA litigation. There almost always would be a disputed issue of material fact to try, namely whether the fiduciary's decision was tainted by the conflict of interest. The parties could spend days or even weeks putting on witnesses to testify solely as to the motives of the decision maker. That inquiry would overshadow the principal issue in the litigation--whether the claimant was entitled to benefits.

Id. *See also* Kaus v. Standard Insurance Company, 985 F. Supp. 1277, 1282 (D. Kan. 1997) (granting defendants' summary judgment motion and finding that magistrate's denial of discovery was proper since "the effects of the conflict of interest in defendant's interpretation of the plan are adequately accounted for in the 'sliding-scale' standard of review. . . ."), *affirmed* 162 F.3d 1173 (10th Cir. 1998.)

Here, UNUM has admitted that it had "an inherent conflict of interest" based on "its dual role as claims administrator and payor."[2] [Doc. 28 at 4.] UNUM asserts that an arbitrary and capricious

---

[1] Note that Palmer was adhered to on reconsideration, 994 F.Supp. 1221 (D. Or. 1998), but that this later 1998 decision was abrogated, at least in part, by the 9th Circuit in Hensley v. Northwest Permanente P.C. Retirement Plan & Trust, 258 F.3d 986 (9th Cir. 2001), *cert. denied*, 122 S.Ct. 815 (2002). The 9th Circuit, in Hensley, specifically rejected the distinction drawn by the Palmer district court between "discretionary policy decisions" and "benefits determinations." Id. at 994 n. 5. This distinction was argued by both parties in this case, but is not relied upon for reaching the decision that discovery will be denied. Moreover, Hensley supports this Court's decision. The Hensley Court stated that the first inquiry is "whether the affected beneficiary has provided material, probative evidence, beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary. If not, we apply our traditional abuse of discretion review."

[2] The court in Palmer commented that courts should "simply acknowledge that in certain situations there is an inherent conflict of interest and then review the decision accordingly," which would involve a more "searching" inquiry depending on the severity of the conflict. 973 F. Supp. at 1189. When the conflict is apparent on the face of the record or requires minimal discovery to establish a conflict, "[a]s a practical matter, the difference in the level of the court's scrutiny ordinarily will be so minimal that the defendant may choose to concede a conflict . . ." thereby avoiding the expense of litigating that issue. Id. n. 9.

standard of review applies to the administrator's determination in this case because the policy at issue granted UNUM discretion to makes its decision. [Doc. 28 at 2.] Fought does not appear to argue that a *de novo* standard of review applies. Instead, her position seems to assume that UNUM exercised discretion in allegedly misconstruing the "pre-existing condition exclusion in its group policy." [Doc. 29 at 3, 6.] Based on the Court's examination of the pleadings, it assumes that the "arbitrary and capricious" standard of review is applicable, and not the more expansive "*de novo*" review. Thus, under the former standard, rather than the latter, discovery is not permitted.[3]

Tenth Circuit precedent supports this result. In cases such as this, the review by the district court is restricted to the evidence presented to the plan administrator, which forecloses the need for additional discovery, albeit "limited discovery."[4] The presence of the admitted conflict "merely results in the adjustment of the standard of review." Spangler v. UNUM Life Insurance Company of America, 38 F. Supp. 2d 952, 955 (D. Kan. 1999). Under clear and established authority, the district court's responsibility consists of determining whether the administrator's actions were arbitrary and capricious, not in deciding whether Fought was entitled to disability benefits, as Fought seems to argue in her reply brief. Moreover, Fought provides no case law supporting the proposition that discovery should be permitted under circumstances such as these, and no basis as to why the Court

---

[3]The assumption concerning the appropriate standard of review is not intended to supplant any decision on that issue that may be made by the trial judge. Indeed, should the trial judge determine that a *de novo* standard is appropriate, the parties may revisit the issue concerning discovery.

[4]Some of Fought's proposed discovery appears limited in nature. [Ex. C to Doc. 27.] However, Fought indicates in her reply that she is being prevented from discovering information that might cast doubt on UNUM's contention that a conflict of interest did not influence its decision. Fought also states that she should be entitled to conduct depositions and "follow up deposition discovery" regarding the conflict of interest issues. While Fought attempts to characterize the discovery as limited, it appears that her proposals could involve extensive and far-reaching discovery.

should be compelled to reach a different result than that reached by courts that have addressed this exact question.

## **Conclusion**

For the reasons stated above, Plaintiff's request for discovery will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion and Memorandum for Leave to Conduct Discovery on the Issue of Defendant's Conflict of Interest [Doc. 27] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge