IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIRLEY O. FOUGHT,

      Plaintiff,

vs.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

      Defendant.

No. CIV 01-0124 PK/LFG (ACE)

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant's ["UNUM's"]
Motion to Remand to Plan Administrator filed March 11, 2005 (Doc. 57) and
Plaintiff's Brief-In-Chief requesting entry of judgment in her favor, opposing a
remand, and requesting a hearing for an award of benefits.  Doc. 59.  Upon
consideration thereof,

    (1)  In <u>Fought v. UNUM Life Insurance Co. of America.</u>, 379 F.3d 997,
1015 (10th Cir. 2004), <u>cert. denied</u>, --- S.Ct. ----, 2005 WL 218389 (2005), the
Tenth Circuit reversed this court's orders granting summary judgment and
awarding costs to UNUM.  The Tenth Circuit announced a heightened standard of
review where a plan administrator bears the burden of proving its decision was
reasonable and supported by substantial evidence.  <u>Id.</u> at 1006.  The new standard

applied to this case because the plan administrator, as insurer and administrator, had an inherent conflict of interest, and did not seek independent review. Id. at 1007.

(2) UNUM denied Ms. Fought's claim for disability benefits on the basis that her disability was caused by a pre-existing condition and thus was excluded from coverage. The Tenth Circuit panel concluded that the pre-existing condition exclusion in the plan did not reasonably apply to Ms. Fought's pre-existing coronary artery disease and her subsequent staph infection, and that UNUM's denial of benefits was unsupported by substantial evidence. Id. at 1013-15. The case was remanded to this court for further proceedings in accordance with the Tenth Circuit's opinion. Doc. 46. Although Ms. Fought argues that this court should now enter judgment in her favor based upon the mandate and law of the case principles, the general mandate does not so require and law of the case does not apply to issues (like the ones now before the court) not decided by the appeal. See Pittsburg County Rural Water Dist. No. 7 v. City of McAlester, 358 F.3d 694, 710-11 (10th Cir.), cert. denied, 125 S. Ct. 44, 54 (2004); Wilmer v. Bd. of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995).

(3) UNUM contends that this case should be remanded to the plan administrator so that it can determine whether Ms. Fought is disabled under the terms of the plan, and whether benefits are appropriate. Ordinarily, when the plan administrator denies benefits on one ground found to be arbitrary and capricious,

a remand is appropriate if further findings or explanation is warranted in order to apply the other terms of the plan.  <u>Caldwell v. Life Ins. Co. of N. Am.</u>, 287 F.3d 1276, 1288 (10th Cir. 2002).  Where the evidence shows that the administrator's claims are arbitrary and capricious concerning the other terms, or the case is so clear cut that a denial on any ground would be unreasonable, a remand is not required.  <u>Id.</u> at 1289.  The parties have made various submissions relying solely upon the administrative record and the law.  The court finds that denial of "own occupation" disability benefits to Ms. Fought would be arbitrary and capricious because UNUM's conduct as corroborated by the administrative record indicates a waiver.  The court will remand to UNUM the matter of subsequent benefits under the "any occupation" definition of disability.  <u>See Cook v. Liberty Life Assurance Co. of Boston</u>, 320 F.3d 11, 24-25 (1st Cir. 2003).

(4)  The plan provides for benefits, after a 90-day elimination period, if a claimant is unable to perform the duties of her own regular occupation ("own occupation").  UFOU 22.  After 24 months of benefits, a claimant may receive benefits if unable to perform the duties of any gainful occupation ("any occupation").  <u>Id.</u>  UNUM was required to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant."  29 U.S.C. § 1133(1); <u>accord</u> UFOU 5 (plan provision requiring "specific reason or reasons for denial with

reference to those policy provisions on which the denial is based" and "a

description of any additional material or information necessary to complete the

claim and of why that material or information is necessary").  In its initial denial

and denial on reconsideration (both communicated to Ms. Fought), UNUM relied

upon the pre-existing condition limitation, now conclusively rejected by the Tenth

Circuit.  UFOU 107-08 (Sept. 13, 1999); 96-97 (Oct. 25, 1999).

(5)  Ms. Fought's attorney then requested a complete review of the

claim–UNUM again relied on the pre-existing condition exclusion and stated:

> The pre-existing exclusion is an approved exclusion according to
> federal and state statutes.  While we do not question that Ms. Fought
> may be disabled or have an impairment, her claimed period of
> disability is not covered.

UFOU 579-81 (Dec. 2, 1999).  In a letter to the New Mexico Public Regulation

Commission in response to a complaint by Ms. Fought, UNUM explained how it

applied the pre-existing condition provision:[1]

---

[1]  WHAT DISABILITIES ARE NOT COVERED UNDER YOUR PLAN?
    Your plan does not cover any disabilities caused by, contributed
to by, or resulting from your:
        . . . .
    - pre-existing condition
. . . .
WHAT IS A PRE-EXISTING CONDITION?
    You have a pre-existing condition when you apply for coverage
when you first become eligible if:
-you received medical treatment, consultation, care or services
including diagnostic measures, or took prescribed drugs or medicines
in the 3 months just prior to your effective date of coverage; or you
                                            (continued...)

> Ms. Fought's effective date of coverage was June 1, 1998. Her date
> of disability was March 9, 1999. Since her disability began within
> the first twelve months after her effective date of coverage, a pre-
> existing investigation was required. The timeframe of the pre-
> existing period was from March 1, 1998 through May 31, 1998.

UFOU 560-61 (Feb. 11, 2000). Ms. Fought contends that UNUM has waived the

right to contest whether Ms. Fought is disabled, having elected to rely solely upon

the pre-existing condition limitation and by not raising the issue when it had

ample opportunity to do so.

(6) Before deciding whether waiver applies, it is necessary to distinguish

waiver and estoppel in the context of precluding an insurer or plan from relying

on previously unarticulated grounds to deny a claim. Waiver is the voluntary and

intentional relinquishment of a known right with adequate information. See State

Farm Mut. Auto Ins. Co. v. Bockhorst, 453 F.2d 533, 536 (10th Cir. 1972)

(applying Kansas law); Catts Co. v. Gulf Ins. Co., 723 F.2d 1494, 1501 (10th Cir.

1983). It is distinguished from estoppel which requires detrimental reliance by

the insured or plan participant based on the insurer's failure to articulate a ground

later relied upon. Sellers v. Allstate Ins. Co., 82 F.3d 350, 352 (10th Cir. 1996)

---

[1](...continued)
had symptoms for which an ordinarily prudent person would have
consulted a health care provider in the 3 months just prior to your
effective date of coverage; and
-the disability begins in the first 12 months after your effective date
of coverage.

UFOU 13 to 14.

(applying Colorado law); <u>Sheppard v. Allstate Ins. Co.</u>, 21 F.3d 1010, 1015 (10th Cir. 1994) (applying North Carolina law).  While waiver and estoppel may prevent a forfeiture, they cannot be used to expand policy or plan coverage. <u>Sellers</u>, 82 F.3d at 352; <u>Hennes Erecting Co. v. Nat'l Union Fire Ins. Co.</u>, 813 F.2d 1074, 1079 (10th Cir. 1987) (applying Kansas law).  The party asserting waiver has the burden.  <u>Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.</u>, 26 F.3d 1508, 1517 (10th Cir. 1994) (applying Colorado law).

New Mexico appears to blend the concepts of waiver and estoppel with the following rule:

> Ordinarily, when an insurer, with knowledge of all pertinent facts, denies liability upon a specific ground, all other grounds are deemed to be waived.  This waiver is conditioned, however, upon a showing of detriment or prejudice.

<u>Larson v. Occidental Fire & Cas. Co.</u>, 446 P.2d 210, 212 (N.M. 1968) (citation omitted), <u>overruled  on other grounds</u>, <u>Estep v. State Farm Mut. Auto Ins. Co.</u>, 703 P.2d 882 (N.M. 1985); <u>see also</u> <u>Valley Improvement Ass'n, Inc. v. U.S. Fid. & Guar. Corp.</u>, 129 F.3d 1108, 1119 (10th Cir. 1997) (acknowledging New Mexico's rule).  The court will apply the traditional definition of waiver which focuses on the unilateral conduct of the insurer and does not require prejudice or detrimental reliance.  <u>See</u> <u>Best Place, Inc. v. Penn Am. Ins. Co.</u>, 920 P.2d 334, 353 (Haw. 1996) (discussing confusion between waiver and estoppel).  Both parties in this case have discussed traditional waiver.  <u>See</u> Doc. 60 at 5; Doc. 59

-6-

at 4.  In any event, prejudice is apparent given the over five years that have elapsed from UNUM's denial of Ms. Fought's claim.

(7) The Tenth Circuit has yet to apply the doctrine of waiver to ERISA claims, and the circuits are divided.  See Lauder v. First UNUM Life Ins. Co., 284 F.3d 375, 381 (2d Cir. 2002); see also Glista v. UNUM Life Ins. Co. of Am., 378 F.3d 113, 130-131 (1st Cir. 2004) (discussing various approaches and precluding insurer from raising a different pre-existing condition clause on the basis of ERISA's grant of remedial power, 29 U.S.C. § 1132(a)).  The court predicts that the Tenth Circuit would apply the doctrine of waiver on a case-by-case basis to effectuate the remedial purpose of ERISA.  UNUM argues that those cases finding waiver are factually distinguishable, and thus should not be followed.  Doc. 64 at 3-8.  But whether waiver is a viable theory in an ERISA case (or may not be relied upon no matter what the facts) is a legal determination.

In any event, the court is not persuaded that those situations in which waiver has been applied are that much different than this one.  UNUM argues that the Second Circuit's recognition of a waiver theory in Lauder was predicated upon a de novo standard of review and a conscious decision by the insurer to forego an investigation into the claimant's disability after a physician's statement indicating that the claimant's condition was not likely to improve.  UNUM is correct that ordinarily the plan would pass on disability, and this court would review it under the arbitrary and capricious standard.  Given UNUM's inherent

conflict, UNUM would bear the burden of proving its decision was reasonable and supported by substantial evidence.

But the court is not making a disability determination–it is resolving the issue of whether UNUM by its conduct has waived the right to challenge Ms. Fought's disability.  As in <u>Lauder</u>, resolution of this issue does not turn on the standard of review.  It is apparent that UNUM rejects the doctrine of waiver, and although waiver is a factual question, the facts on which it depends are largely undisputed.  Neither party has sought to go outside the administrative record in resolving this issue.  Just as in <u>Lauder</u>, the court can apply the facts to the law. Moreover, the difficulty in this case and <u>Lauder</u> is that the plan administrator simply did not investigate the information to the extent the plan later thought advisable–instead, the plan was content to rely upon an exclusion that later did not hold up.  The fact that later medical records in this case may have indicated some improvement does not vitiate the fact that Ms. Fought provided information suggesting that she is disabled, information that UNUM apparently accepted without questioning.  <u>See</u> <u>McGee v. Equicor-Equitable HCA Corp.</u>, 953 F.2d 1192, 1205 (10th Cir. 1992) (insured bears burden of showing covered loss, insurer bears burden of showing exclusion applies).  Moreover, Ms. Fought provided a release to UNUM to enable it to access her medical records.

UNUM argues that <u>Pitts v. American. Security Life Insurance Co.</u>, 931 F.2d 351, 357 (5th Cir. 1991), is distinguishable because the insurer waived its right to

claim the policy was void or voidable by accepting premium payments and paying benefits without a reservation of rights.  UNUM points out that it has never paid benefits, nor otherwise intentionally relinquished its right to challenge the Plaintiff's right to benefits.  Pitts focused on the unilateral acts of the insurer in deciding that the insurer had waived a defense.  Id.  To be sure, UNUM has not paid benefits, but UNUM made an initial determination on the information provided to it, and never challenged the disability status of Ms. Fought.  Years later, it seeks to revisit that initial determination.

UNUM argues that Glista, 378 F.3d 113, is distinguishable because the plan administrator relied upon a second exclusionary provision (for which it had sufficient information) after rejecting a claim on another exclusionary provision. In accordance with ERISA and the plan, UNUM was required to give adequate notice of the reasons for the denial and it had not.  The court reasoned that UNUM had waived the second exclusionary provision because (1) an insurer has the burden with respect to policy exclusions, (2) the plan required mention of the policy provisions upon which the denial was based, (3) UNUM had sufficient information to invoke the second exclusion earlier, and (4) the claimant's estimated three or four years to live had already passed.

UNUM argues that no "exigent circumstances" exist in this case, and not having evaluated whether Plaintiff is disabled, it certainly did not rely on that basis in denying benefits.  Though UNUM is oblivious to the fact that Ms. Fought

has waited almost six years for benefits and claims financial hardship based upon receiving only social security disability, the court is not.  Although UNUM now claims it wants more unspecified information (years after the fact) to accomplish a review of Ms. Fought's disability status, the fact remains that it was provided information to establish disability, and apparently was ready to grant benefits subject to the pre-existing exclusion.  The court is unpersuaded that this case falls outside the line of cases recognizing and applying the doctrine in the ERISA context.  The court will now discuss the record supporting its conclusion that UNUM has waived the issue of whether Ms. Fought was disabled as to performing her own regular occupation during the 90-day elimination period and 24 month "own occupation" period of disability.

(8)  UNUM requires a lengthy package of information to be submitted by a Plan Administrator in connection with a LTD claim including (1) Employee's Statement, (2) Authorizations (completed by the employee); (3) Physician's Statement, (4) Employer's Statement, and (5) Job Analysis (completed by the employee's supervisor).  As stated by UNUM:

> The disability claim form requests information that is critical to the speedy and accurate administration of the claim.  The information we request will be used to determine benefits according to the group insurance contract under which the employee is covered.

UFOU 191.  These items were dutifully completed and the file contains abundant reports from health care providers.  See UFOU 176-185 (Employer's Statement);

181-183 (Job Analysis); 164-165, 195-196 (Physician's Statement); 162-163 (Employee's Statement); 194 (Authorization).  UNUM interviewed Ms. Fought who described the severe limitations on her activities.  UFOU 188-190.  She provided supplemental information as required by UNUM.  UFOU 211-212; 206-208 (Education and Employment History); 139.  UNUM consistently recognized that the restrictions and limitations preventing Ms. Fought from returning to her own occupation were reasonable.  UFOU 87; 135-136; 187; 560 ("The staph infection is why she is still unable to return to work."); 577 (same).  On July 29, 1999, UNUM wrote Ms. Fought that it had "completed [its] initial review of [her] claim for UNUM disability benefits."  UFOU 128.  The letter continued:  "We need some additional information before a **benefit determination** can be made."  Id. (emphasis added).  It also stated: "Since **your disability began** on 3/9/99, which was within the first 12 months after your effective date of insurance, we are conducting an investigation to determine your eligibility for benefits."  Id. (emphasis added).  UNUM then asked for additional information concerning the pre-existing period.  Id.  It denied the claim solely on that basis.

(9) UNUM has never expressed any doubt that Ms. Fought was disabled; rather it contends that the question has never been considered, and that neither the plan administrator nor it can make that determination now.  It contends that on her application completed while she was hospitalized, Ms. Fought indicated that she expected to return to work (although the dates of such expected return were

left blank), that she was released from the hospital on July 21, 1999, and that her cardiologist described her recovery as miraculous on July 27, 1999.  Doc. 58 at 3; UFOU 163 (application).  That same application and the administrative record also confirm that Ms. Fought was unable to care for herself, let alone return to work.  UNUM requested a substantial amount of information, none of which contradicted the fact that Ms. Fought could not return to her former job.

(10) UNUM contends that because it relied upon the pre-existing condition exclusion, "no further inquiry into her medical conditions and vocational status was pursued or appropriate."  Doc. 58 at 4 (citing UFOU 87).  The court is not persuaded.  First, Ms. Fought provided UNUM with all the information it requested to make a determination on her LTD claim and it made an initial determination.  UNUM never requested additional information concerning the "own occupation" definition of disability, let alone another release, after her claim was denied.  Although UNUM claims that Ms. Fought failed to provide it additional medical information during the pendency of the appeal to the Tenth Circuit, disclosure of that fact may be contrary to spirit of 10th Cir. R. 33.1(D), which envisions a confidential mediation process.[2]  UNUM instructed Ms. Fought that once its reconsideration of her claim began, she would be contacted if additional information was needed.  UFOU 565.

---

[2]  The court reaches no conclusions about any disclosures and the application of 10th Cir. R. 33.1(D) at this time.

Second, before providing her a supplemental form to fill out concerning any pre-existing condition, Ms. Fought was told that "her first check was due to her by 7/7/99 paying her 66.66 % monthly."  UFOU 129.  In the notes of the interviewer:

> EE wants her money automatically deposited.  I let her know I would mail her a form for that as well as with a supp and the tax information.  Once I have everything that is needed, I will call her back with a determination.  She [Ms. Fought] asked me how long that would take.  I let her know that if I receive the Supp quickly, it shouldn't take more than a couple of weeks.

UFOU 129 (July 27, 1999).  The point is that UNUM was ready to award benefits then and there, but for the pre-existing condition exclusion.  UFOU 129.  UNUM chose not to investigate Ms. Fought's disability further, let alone challenge it.

UNUM discounts the administrative record as not establishing how long Ms. Fought was unable to work, what her job functions were, or how they were limited by her condition.  Doc. 64 at 2.  UNUM also argues that no determination was made whether Ms. Fought met the plan's definition of disability, and that nothing addresses the length and extent of the disability.  Id.  As noted above, Ms. Fought's employer completed a job analysis, and Ms. Fought completed an application, and was interviewed by UNUM.  UNUM's initial medical review of the file indicated that Ms. Fought's restrictions and limitations would be supported through September 1999, with an update needed after that.  UFOU 187.

 A subsequent medical review was made for the purpose of confirming the pre-

existing condition exclusion.  UFOU 87, 109-110.  Insofar as a vocational review, the record indicates that such a review was "waived due to liability denial." UFOU 87.  The fact that UNUM chose not to evaluate the information it did have, nor to seek additional information, strongly suggests waiver based upon its unilateral action.  See Pitts, 931 F.2d at 357.  Surely Ms. Fought cannot be faulted for failing to obtain a vocational expert to integrate the information provided and confirm what she already knew–she could not return to work as a property manager.

> The concerns of the Second Circuit resonate in this case:
>
> [T]his case raises the concern that plan administrators like . . . UNUM will try the easiest and least expensive means of denying a claim while holding in reserve another, perhaps stronger, defense should the first one fail.  In light of ERISA's remedial purpose of protecting plan beneficiaries, we are unwilling to endorse manipulative strategies that attempt to take advantage of beneficiaries in this manner . . .  UNUM here chose to proceed on the questionable--but cheapest--argument of lack of coverage when it could easily have investigated the merits of [the] claim.  It should not now get another proverbial bite at the apple.

Lauder, 284 F.3d at 382.  UNUM has waived its right to claim that Ms. Fought was not disabled, at least with respect to the "own occupation" period of disability.  In view of this resolution, it is unnecessary to consider the implications of Ms. Fought's qualification for and receipt of social security disability benefits since March 1999, or her claim that UNUM cannot be trusted to act properly on a remand.

-14-

(11) On the other hand, the court agrees with UNUM that the administrative record should be supplemented concerning the "any occupation" period of disability.  A remand is necessary.  In Caldwell, the Tenth Circuit rejected the plan administrator's decision to deny "own occupation" disability benefits as arbitrary and capricious, but remanded the "any occupation" claim because of the lack of analysis by the plan administrator.  287 F.3d at 1288-89.  This court will do the same because the facts underlying any decision on such a claim could not have been provided by Ms. Fought at the time of her initial claim.  UNUM has not waived the issue.  See McLeod v. Hartford Life & Accident Ins. Co., No. Civ. A. 01-4295, 2004 WL 2203711, at *7 (E.D. Pa. 2004).  On remand, the plan administrator may consider any evidence that Ms. Fought provides concerning social security disability eligibility.  See Caldwell, 287 F.3d at 1289 n.8.  Such evidence generally is not binding on disability insurers.  See Boardman v. Prudential Ins. Co. of Am., 337 F.3d 9, 13 n.4 (1st Cir. 2003); Farfalla v. Mutual of Omaha Ins. Co., 324 F.3d 971, 974 (8th Cir.), cert. denied, 540 U.S. 875 (2003).  Although Ms. Fought argues that UNUM cannot be trusted to act properly on remand, the court declines at this point to rely upon this allegation in the exercise of its discretion.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1)  Plaintiff's request for entry of judgment in her favor, opposing a

remand, and requesting a hearing for an award of benefits contained in her Brief-In-Chief filed March 11, 2005 (Doc. 59), is granted in part.  The parties shall submit a form of partial final judgment liquidating the award of 24 months of "own occupation" benefits for Ms. Fought.  In all other respects, the request is denied.

(2)  UNUM's Motion to Remand to Plan Administrator filed March 11, 2005 (Doc. 57), is granted in part as to a determination of the applicability and amount of "any occupation" benefits due (that would commence after the 90-day elimination period and 24 months of "own occupation" benefits awarded above). The matter shall be remanded for that purpose and the plan administrator shall furnish a decision to the court and Ms. Fought within 45 days from the date of entry of this memorandum opinion and order.  In all other respects, the motion is denied.

DATED this 20th day of May 2005, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

Ray M. Vargas, II, Garcia & Vargas, LLC, Santa Fe, New Mexico, and  Robert P. Warburton, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, New Mexico, for Plaintiff.

Kathryn D. Lucero, Foster, Johnson, McDonald, Lucero, Koinis, Albuquerque, New Mexico, for Defendant.